UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REBECCA OWENSBY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-CV-58-TRM-DCP |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on May 17, 2024, to address their outstanding discovery disputes [*See* Docs. 44, 46]. Attorney Melissa Carrasco appeared on behalf of Plaintiff. Attorney Lucille Nelson appeared on behalf of Defendants. Prior to the telephonic conference, the parties sent their position statements to Chambers outlining their discovery disputes.

First, the parties disputed the temporal proximity of Plaintiff's Interrogatory Nos. 13–15 and Request for Production ("RFP") Nos. 7–10. These discovery requests generally seek comparator information. Plaintiff argued that Defendants should provide records through September 30, 2022, which is three months after her termination date. Defendants argued that the Court should limit the production of records to June 30, 2022. Given that Defendants have not claimed that they changed their policies during these three months, the Court finds an additional three months relevant to the issues in this case, and Defendants have not sufficiently supported any disproportionality assertions. With respect to Interrogatory No. 14 and RFP No. 9, Defendants

claimed that these discovery requests seek irrelevant information because they seek information on individuals who requested an accommodation. Plaintiff responded that her discovery requests are relevant to how Defendants responded to these requests. During the telephonic conference, the Court noted that while these discovery requests may not seek true comparator information, Plaintiff needs information to make such a determination and to evaluate how Defendants responded thereto, and therefore, the Court ordered Defendants to respond to Interrogatory No. 14 and RFP No. 9.

Second, the parties disputed Plaintiff's RFP Nos. 26, 27, 33, 38, 43–46. These discovery requests generally seek information about Defendant's alleged violations that Plaintiff observed and reported prior to her termination. Plaintiff argued that these discovery requests are relevant to her credibility. Defendants responded that whether they committed any violations is irrelevant to the issues in this case and that Plaintiff only needs to establish that she believed they committed violations, not that the violations actually occurred. During the hearing, the Court found that these discovery requests seek relevant information not only to Plaintiff's credibility but to whether Plaintiff reasonably believed Defendants had committed the alleged violations. The Court limited the scope of these discovery requests from Plaintiff's return date of March 10, 2022, to the date of her termination on June 13, 2022

Defendants **SHALL** supplement their discovery responses as outlined above within **fourteen (14) days**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge